# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:23-CR-62-SDJ-KPJ-1 |
| | § | |
| ANTHONY GLYN WAGNER (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on October 10, 2023, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Sarah Ann Jacobs. The Government was represented by Assistant United States Attorney Marisa Miller.

On March 23, 2017, United States District Judge Frank Montalvo sentenced Defendant to a term of sixty (60) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 1-3 at 1–3. On November 8, 2022, Defendant completed his term of imprisonment and began serving his term of supervised release. *See* Dkt. 2 at 1.

On March 28, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 2), alleging Defendant violated nine conditions of his supervised release. *See id.* at 1–7. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon; (3) Defendant shall not knowingly leave the federal judicial district where

he is authorized to reside without first getting permission from the Court or the Probation Officer; (4) Defendant shall not communicate or interact with someone Defendant knows is engaged in criminal activity; (5) if Defendant is arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within seventy-two hours; (6) Defendant shall report to the Probation Officer as instructed; (7) Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision; (8) Defendant must participate in a substance abuse treatment program and follow the rules and regulations of that program; and (9) Defendant shall live at a place approved by the Probation Officer and notify the Probation Officer of any change to his living arrangements at least ten days before the change. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On January 14, 2023, Defendant was arrested by the Chickasaw Lighthorse Police Department in Thackerville, Oklahoma for Unlawful Possession of Paraphernalia in violation of § 63-2-405(B) of the Oklahoma Statutes. According to the arrest report, a police officer with the Chickasaw Lighthorse Police Department was on patrol at the WinStar World Casino in Thackerville, Oklahoma when a fellow officer requested he deploy his K9 partner for an open-air sniff of a white vehicle bearing the license plate number SDF9515. The K9 subsequently gave positive alerts to the odor of narcotics on the vehicle. The officer requested assistance to track the occupants of the vehicle, and he was later advised that the male subject walked out of the casino but went back inside after observing law enforcement. He was provided with a description of the male, and officers later made contact with him at the casino entrance. The male was identified as Defendant. The officer contacted surveillance to learn if they had an update on the other occupants, and he was advised that Defendant had actually got out of a blue truck, bearing the license plate number KPX6875. The officer then asked Defendant which vehicle he arrived in, and Defendant stated that he came in the blue truck. When asked who the blue truck belonged to, Defendant advised the truck belonged to "Ben."

The officer then deployed his K9 partner for an open air-sniff of the blue truck bearing the license plate number KPX6875, and the K9 subsequently gave positive alerts to the odor of narcotics. The officer asked Defendant if there was anything inside the vehicle, and Defendant stated, "yes, illegal s**t." The officer asked Defendant to be more specific, and he stated there were firearms and paraphernalia in the vehicle. Defendant proceeded to state there was a firearm between the driver's seat and the center console and a firearm in the backseat in a black case.

2

Defendant also stated there was a glass drug pipe in the vehicle and described it as having a lizard on it.

Defendant was detained while officers went inside the casino to locate the other occupants that arrived in the blue truck. Officers later located and identified three additional subjects that arrived in the blue truck with Defendant. A female passenger was identified as Bonnie Billings. Ms. Billings was in possession of a backpack which contained homemade bongs with white residue, several plastic baggies, a plastic container containing THC gummies, a plastic straw containing white residue, and a glass container containing a white crystal residue. The driver of the blue truck was later identified as Benjamin Shipman. The fourth and last passenger of the blue truck was identified as David Simpson.

Officers later conducted a search of the blue truck. When an officer opened the driver side door, he observed the bottom of a pistol sticking out from under the center console. It was identified as a gray in color Jennings .380 caliber pistol containing a magazine with five rounds of ammunition. On the driver's side dashboard, the officer located a black case containing four plastic baggies with white residue, a glass pipe with an orange decal containing white residue and burn marks, and a working digital scale with residue. In the rear driver's side seat, officers located a blue backpack containing several clean rubber hoses and a Smokezilla case. Inside the Smokezilla case, officers located several items used to make homemade bongs, two homemade bongs, a glass pipe containing burn marks and white residue, a mirror containing white residue with cards cut into pieces with white residue, and other items. In the front passenger seat, officers located a makeshift pipe with an orange tip containing white residue and burn marks and a glass pipe with green residue. Under the front passenger seat, a black case was located containing a Sig Sauer .380 pistol with six rounds of ammunition. Officers also located a plastic bag containing broken unidentified pills inside the vehicle. In the bed of the truck, inside a suitcase, officers located two scales containing residue and a hypodermic needle containing a clear liquid.

Defendant stated to officers that nothing in the vehicle belonged to him. When asked about his seat placement, he stated that he rode in the front passenger seat. Mr. Simpson advised officers that the pistol belonged to him, and he received it from a friend at Choctaw Casino. He stated that he sat in the rear driver's side seat. He was asked about the Smokezilla bag containing the bongs and the bong making items. Mr. Simpson first stated it was his but then stated he did not want to say who it belonged to because he didn't want to get the person in trouble. He was also asked who the case belonged to, but he would not say. Ms. Billings stated nothing located in the vehicle belonged to her. Mr. Shipman stated the truck belonged to him, and he was the driver of the vehicle. According to the report, Mr. Shipman and Mr. Simpson both had previous felony convictions. Defendant, along with the other three passengers were subsequently arrested. Contact was later made with the Love County Clerk's Office in Marietta, Oklahoma, and they advised that on January 17, 2023, Defendant pled guilty to the offense of Unlawful Possession of Paraphernalia,

a misdemeanor offense, and was ordered to pay a fine in the amount of $708.59. They further advised that Defendant agreed to make payments of $200 a month beginning February 1, 2023 but has failed to make any payment towards the fine. As of this writing, the fine is still outstanding.

(2)     Defendant was in a vehicle and had the constructive possession of multiple firearms as evidenced by his arrest on January 14, 2023 for Unlawful Possession of Paraphernalia. During a search of the vehicle, officers located under the front passenger seat a black case containing a Sig Sauer .380 pistol with six rounds of ammunition. Additionally, officers located a Jennings .380 caliber pistol containing a magazine and five rounds of ammunition under the front center console of the vehicle. Defendant was in the front passenger seat. Defendant had access to, and constructive possession of, the firearms based on his presence in the front passenger seat, and he had actual knowledge of the firearms as evidenced by his statement to officers prior to the search of the vehicle that there was a firearm between the driver's seat and the center console and a firearm in the back seat in a black case.

(3)     On January 14, 2023, Defendant traveled to Thackerville, Oklahoma without permission of the U.S. Probation Office, where he was arrested by the Chickasaw Lighthorse Police Department for Unlawful Possession of Paraphernalia.

(4)     On January 14, 2023, Defendant traveled to the WinStar Casino in Thackerville, Oklahoma with Benjamin Shipman and David Simpson, both of whom are convicted felons. Defendant did not have permission from the U.S. Probation Office to have contact with either of these individuals.

(5)     On January 14, 2023, Defendant was arrested by the Chickasaw Lighthorse Police Department in Thackerville, Oklahoma for Unlawful Possession of Paraphernalia, in violation of § 63-2-405(B) of the Oklahoma Statutes. Defendant failed to report his contact with the Chickasaw Lighthorse Police Department, including his arrest and subsequent conviction for the same.

(6)     Defendant failed to submit a monthly report via the electronic reporting system (ERS) for the months of December 2022 and January and February 2023, within the first five days of each month as directed.

(7)     On the morning of January 11, 2023, the Probation Officer placed a phone call to Defendant to advise him on the treatment recommendation following his mental health and substance abuse evaluations with Fletcher Counseling in Plano, Texas. As the Probation Officer was explaining the recommendation, Defendant hung up the phone. Multiple phone calls were placed to Defendant following the phone call to no avail. On January 12, 2023, the Probation Officer placed a phone call to Defendant to follow-up on the disconnected call. Defendant stated that he hung up the phone because he went back to sleep. He was verbally reprimanded for his behavior and advised that it was completely unacceptable. Defendant was

instructed to contact Fletcher Counseling and schedule his individual substance abuse counseling session. He was further instructed to follow up with the Probation Officer by phone or text message once it was scheduled. He voiced understanding, and the call was concluded. Defendant failed to contact Fletcher Counseling as instructed, and he failed to follow-up with the Probation Officer as instructed.

(8)   On December 27, 2022, Defendant completed a mental health and substance abuse evaluation with Fletcher Counseling. The recommendation following the evaluation was for Defendant to participate in twice a month individual substance abuse counseling. Defendant failed to schedule his initial substance abuse session as instructed.

(9)   During a phone call with Defendant's mother on February 27, 2023, she stated that, on December 28, 2023, Defendant left her home after stealing $35,000 in cash from her that she won in a drawing. She stated that she has not seen or heard from Defendant since that time. Further, she stated that Defendant is not allowed back in her home.

On October 10, 2023, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for October 10, 2023. Defendant entered a plea of true to allegations three through nine, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 15. The Government moved to withdraw allegations one and two, which the Court granted. *See* Minute Entry for October 10, 2023. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the October 10, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to run consecutively to any other term of imprisonment, with no term of supervised release to follow. The Court further recommends Defendant be placed at FCI Oakdale, in Oakdale, Louisiana, if appropriate.

**So ORDERED and SIGNED this 16th day of October, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE